UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA FUQUA and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>ASSOCIATED CREDIT SERVICE, INC., a Washington corporation, PAUL K. WASSON AND JANE DOE WASSON, husband and wife,<br><br>                Defendants. | No. 17-CV-00324-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |

Before the Court, without oral argument, are Defendants' Motion to Dismiss Complaint Without Prejudice Pursuant to FRCP 4, ECF No. 12, and Motion to Strike Amended Complaint Pursuant to FRCP 15, ECF No. 13. Defendants argue that Plaintiff erred by serving only the amended complaint and not effecting service of the original complaint. However, because Plaintiff amended and served her complaint within the time-frame permitted under Federal Rules of Civil Procedure 4 and 15, Defendants have not articulated a valid basis to dismiss the claims.

Federal Rule of Civil Procedure 4(m) governs the time limit for service of the original complaint: "If a defendant is not served within 90 days after the

ORDER **-** 1

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Plaintiff served the complaint within the 90-day window provided under Rule 4(m). Plaintiff filed the original complaint on September 15, 2017. The 90-day statutory deadline was December 16, 2017. On December 13, 2017, Plaintiff filed an Amended Complaint with the Court. On December 14, 2017, Plaintiff filed a motion to extend the time for service of the complaint. On December 15, 2017, Plaintiff served the amended complaint on Defendants.

Defendants argue that Plaintiff improperly effected service by serving only the amended complaint. This argument appears to stem from a misunderstanding of which document operates as the complaint. An amended complaint becomes the operative pleading and renders the original complaint without legal effect. *See Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012). Accordingly, "where an amended pleading supersedes the original complaint, 'subsequent service of the superseded prior or original pleading is improper.'" *Giles v. United States*, 906 F.2d 1386 (10th Cir. 1990) (quoting 3 Moore's Federal Practice, ¶ 15.08 [7] (Supp. 1960)). Because Plaintiff amended the complaint before it was served, service of only the amended complaint was proper.

Defendants also argue that Plaintiff erred by amending the complaint without leave of Court. This argument is similarly unfounded. Rule 15 provides that a plaintiff may amend as a matter of course at any time within "21 days after serving it." Under Defendants' interpretation of this rule, Plaintiff does not have a right to amend the complaint if the complaint has not been served. However, courts have consistently held that this rule establishes only the latest date upon which a plaintiff may amend a pleading without leave of court. *See, e.g.*, *Ramirez v. Cty. of San Bernardino,* 806 F.3d 1002, 1007 (9th Cir. 2015) (collecting cases recognizing right to amend within 21 days of service); *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015) (explaining that the 2009 amendments to Rule 15 did not alter the longstanding rule that a "plaintiff is allowed to amend as a matter of course at any time between filing his complaint and receiving the defendant's answer"); *Thompson v. Stanford Univ.*, 16-CV-06826-BLF, 2017 WL 2772033, at *3 (N.D. Cal. June 26, 2017) ("The Ninth Circuit, as well as the Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment, thus clearly recognize this right to amend a complaint until 21 days after service of the complaint."). Because Plaintiff amended her complaint before the original complaint was served, the amendment was proper under Fed. R. Civ. P. 15. Accordingly, Defendants have been timely served with the correct pleadings.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendants' Motion to Dismiss Complaint Without Prejudice Pursuant to FRCP 4, **ECF No. 12**, is **DENIED**.

**2.** Defendants' Motion to Strike Amended Complaint Pursuant to FRCP 15, ECF No. 13, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 18th day of January 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge