The Honorable Salvador Mendoza, Jr.

Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue, Suite 660
Spokane, WA  99201
509.413.1494 Telephone
509.413.1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA FUQUA, and all others similarly situated, | |
| | Case No.: 2:17-CV-00324-SMJ |
| Plaintiff, | |
| | PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | |
| ASSOCIATED CREDIT SERVICE INC., a Washington corporation; PAUL J WASSON AND JANE DOE WASSON, husband and wife, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Jessica Fuqua, by and through her counsel of record, hereby respectfully moves the Court for reconsideration of a portion of its May 24, 2018 Order Granting Defendants' Motion for Summary Judgment. ECF No. 40. The Court found that the characterization of a portion of the process service charge as a "notary fee" was a misrepresentation to the judiciary yet held that the misrepresentation was immaterial and therefore did not violate the FDCPA. Since

PLAINTIFF'S MOTION FOR
  RECONSIDERATION - 1

Defendants never raised the issue of FDCPA materiality, Plaintiff did not discuss it in her response memorandum. The Court's conclusion that the misrepresentation was immaterial failed to consider applicable case law and, more importantly, the Defendants' admitted reason for the misrepresentation. The Court's finding is clear error and therefore warrants reconsideration. Plaintiff does not challenge the Court's other rulings.

## II.  LEGAL STANDARD

Although reconsideration motions are generally disfavored, they are appropriately granted if the court "committed clear error or the initial decision was manifestly unjust." *See Sch. Dist. No. 1J v. ACandS, Inc.,* 5F.3d 1255, 1263 (9th Cir. 1993); *Langley v. GEICO Gen. Ins. Co.*, 2015 WL 3402895, at *1 (E.D. Wash. May 26, 2015) (reconsideration appropriate to "rectify clear error").

## III.  ARGUMENT

The undisputed facts of this case are that Defendants represented to the Spokane County District Court, on at least hundreds of occasions, that they were seeking reimbursement for notary fees that were not actually incurred and were unnecessary. Defendants briefing failed to mention that, in addition to claiming entitlement to the notary fee, they also represented to the court that the notary fee was an "actual cost incurred reasonably necessary". ECF No. 42. According to David Solberg's declaration, the false representation was made to the court because

PLAINTIFF'S MOTION FOR
RECONSIDERATION - 2

1  "Spokane County District Court at the time of the default didn't like the flat service
2  fee of $45.00 and asked for it to be separated." ECF No. 26 ¶ 21. Defendants
3  therefore readily admit that the cost was not "actually incurred", nor was it
4  "reasonably necessary". In fact, it wasn't paid at all, nor (as the Court correctly
5  points out) is it necessary to notarize a declaration. ECF 26, 27, 28. In other words,
6  the debt collector Defendants made a materially false representation to a court of law
7  in order to ensure that they would continue to receive the full $45 reimbursement
8  when their right to that reimbursement (correctly or not) was in doubt. To date, the
9  Defendants, including their attorney, have not corrected their false statements as
10 required by RPC 3.3(c).

11     "In assessing FDCPA liability, we are not concerned with mere technical
12 falsehoods that mislead no one, but instead with genuinely misleading statements
13 that may frustrate a consumer's ability to intelligently choose his or her
14 response." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir.
15 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014) (*citing:*
16 *Donohue,* 592 F.3d at 1034.) Thus, "false but non-material representations are not
17 likely to mislead the least sophisticated consumer and therefore are not actionable
18 under [section] 1692e." *Id.*

19     Presumably far removed from the realm of the least sophisticated consumer,
20 the false statement was not spotted or addressed by the Spokane County District

21 PLAINTIFF'S MOTION FOR
   RECONSIDERATION - 3

Court judge. Maybe Defendants would have been entitled to collect the full $45.00 fee in any event, or maybe the court would have awarded a lesser fee, but the Defendants readily admit that the misrepresentation was occasioned by their fear that their petition for the process server cost reimbursement was, for some reason, in jeopardy.

Had the court or the least sophisticated consumer known that the Defendants did not actually pay a notary, it is likely that the cost would have been challenged. Had the court discovered that the Defendants were fabricating the source of the cost, it is exceedingly likely that the extra $5.00 would not have been awarded. Had the court realized the scope of the Defendants' false claims, across hundreds of cases, it is likely that other penalties would have been imposed.

Defendants' claim that they could have charged more for some other aspect is irrelevant – they requested and received reimbursement for a specific cost that they never incurred. Whether the least sophisticated consumer would have caught and challenged the fee is not dispositive on the materiality issue. Whether the court may have awarded the cost had the Defendants been truthful is also not dispositive. The false statement regarding notary fees was intended to, and did, deceive the court. That is enough to establish that the misrepresentation was material.

Lastly, the materiality aspect does not extinguish the remainder of Plaintiff's FDCPA claims. This Court should determine whether the Defendants' conduct

PLAINTIFF'S MOTION FOR
RECONSIDERATION - 4

violates RCW 19.16.250(21). If it does, then Defendants are now, and have been since the date of the violation, forever barred from collecting any amount above the principal amount of the claim. Since entry of the judgment, it is undisputed that Defendants have repeatedly attempted to collect more than the principal amount of the claim. The FDCPA implication is that each successive collection attempt, where Defendants sought reimbursement for fees, costs, or expenses, was an attempt to collect more than allowed by law. This is a black-letter violation of 15 U.S.C. § 1692f(1).

## IV.  CONCLUSION

Ms. Fuqua respectfully requests the Court reconsider its May 24, 2018 Order dismissing the case and deny the Defendants' motion for summary judgment.

DATED this 1st day of June, 2018.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

PLAINTIFF'S MOTION FOR
RECONSIDERATION - 5

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

J. Gregory Lockwood          jgregorylockwood@hotmail.com

Kirk D. Miller          kmiller@millerlawspokane.com

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiffs

PLAINTIFF'S MOTION FOR RECONSIDERATION - 6