Law Office of J. Gregory Lockwood, PLLC
421 W. Riverside, Ste. 960
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491
jgregorylockwood@hotmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA FUQUA, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATED CREDIT SERVICE, INC., a Washington Corporation, PAUL J. WASSON AND JANE DOE WASSON, husband and wife, | NO. 17-CV-00324-SMJ<br><br><br>DEFENDANT'S OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR ECONSIDERATION. |

The Defendants object to the Plaintiff's Motion for Reconsideration and in response submits the following:

In the Ninth Circuit, a motion for reconsideration under Rule 59(e) must accomplish two goals. First, it must demonstrate some reason that the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).Courts have established three grounds justifying reconsideration under Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the

DEFENDANTS OBJECTION AND
RESPONSE TO PLAINTIFF'S
MOTION FOR ECONSIDERATION  - 1

need to correct clear error or prevent manifest injustice. <u>Mustafa v. Clark County Sch. Dist.</u>, 157 F.3d 1169, 1178-79 (9th Cir. 1998).

As in this case the plaintiff's mere disagreement with the court does not justify reconsideration. <u>Hele Ku KB, LLC v. BAC Home Loans Serv., LP</u>, 2012 WL 1987165, *19 (D. Haw. May 31, 2012); The plaintiff simply argues clear error pointing to no change in controlling law or new evidence.

The plaintiff not clearly identifying under which rule the motion for reconsideration was brought, Rule 60(b)(6) however allows the court to relieve a party from a final judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). Here the plaintiff cites to no extraordinary circumstances and reargues the same boilerplate law previously argued.

Rule 60 reconsideration is generally only appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. <u>School District No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). The plaintiff has failed on all three grounds. The plaintiff's counsel simply relies on his own declaration to bolster his motion.

Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court. <u>Barber v. Hawai`i,</u> 42 F.3d 1185, 1198 (9th Cir. 1994). Here the court has previously analyzed the party's motions and responses. The plaintiff has

DEFENDANTS OBJECTION AND
RESPONSE TO PLAINTIFF'S
MOTION FOR ECONSIDERATION  - 2

raised no new argument for clear error and as such it is respectfully requested that the plaintiff's Motion for reconsideration be denied.

Dated: June 8, 2018

        LAW OFFICE OF
        J. GREGORY LOCKWOOD, PLLC

        */s/ J. Gregory Lockwood*
        J. GREGORY LOCKWOOD,
        WSBA 20629
        Attorney for Defendants

### CERTIFICATE OF SERVICE

I, LORRIE HODGSON, hereby certify that on June 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Kirk D. Miller, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

        */s/ Lorrie Hodgson*
        Paralegal to J. GREGORY LOCKWOOD,
        Law Office of J. Gregory Lockwood
        421 West Riverside, Suite 960
        Spokane, WA 99201
        Phone: (509) 624-8200
        Fax: (509) 623-1491
        hodgsonlorrie@hotmail.com

DEFENDANTS OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR ECONSIDERATION  - 3